### No. 9172.

### JEAN POMEZ VS. J. B. CAMORS & CO.

A party suing for an account of money and securities entrusted to another cannot, in the progress of trial, be allowed to shift his position and assume in argument that the property in question had been pledged and had been tortiously disposed of by the pledgee.

A debtor who transfers securities in full ownership to his creditor in settlement of the latter's claim, with the right of redemption within a specified time, loses all rights and titles of ownership to that property if he fails to redeem within the prescribed delay. Such a contract is one of sale and not of pledge.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*W. S. Benedict* for Plaintiff and Appellant.

*P. E. Théard & Sons* for Defendants and Appellees.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff sues for an account of certain sums of money and of securities alleged to have been placed by him in the hands of defendants during the course of extended transactions which he had with them, and of which they kept the accounts by mutual consent.

The defense is a general denial coupled with the averment that defendants, having issued execution on a judgment which they held against the plaintiff, they obtained garnisment process on several parties who were supposed to hold and control property of their judgment debtor. The answers of the several garnishees showed that the property of plaintiff's, which they respectively held, had been pledged to them to secure Pomez's indebtedness, and that the property thus pledged was barely sufficient in value to secure their respective claims. Whereupon defendants entered into negotiations with plaintiff, which resulted in their acquiring in full ownership, all the securities for which he sues, on condition of their settling his indebtedness to the garnishees, and other debts to third persons, of payment to him of the sum of three hundred dollars, and of giving him satisfaction of their judgment. They then allege that a few days thereafter, at the urgent request of plaintiff, and with a benevolent intention of assisting him, they agreed to give him the right of redeeming his securities within a delay of three or four months, by reimbursing the various amounts which they had paid out for him, and by paying their judgment, reduced by consent to about two-thirds of its amount, in capital and interest, and that on his failure to thus redeem his securities, they had exercised the right of ownership on the same, and had disposed of them as their lawful property. Hence they owed him no account.

The evidence is simply overwhelming in support of that defense.

It shows to our entire satisfaction that the contract entered into between the parties was one of sale and giving in payment, modified by an agreement of the right of redemption in favor of plaintiff, to be exercised within a specified time.

The right of redemption was not exercised within the prescribed delay, and the defendants then became the absolute owners of the securities in question.

On appeal, plaintiff strenuously contends that the contract was one of pledge, and his whole argument is directed to show a violation of that contract by the defendants, by means of the sales which they made, on private terms, of the pledged property, without the consent of the pledgor, and without legal authority.

His pleadings do not set forth a contract of pledge, and partake more of the nature of a demand for an account from an agent or other " *negotiorum gestor.*" His whole reliance in his attempt to shift his position from the attitude of a principal calling his agent to an account to that of a pledgor complaining of the tortious acts of his pledgee, can be attributed to the following incident:

On the day that plaintiff obtained from defendants the right of redeeming his values, he was allowed the privilege of offering them for sale on the market, with a view to accelerate the final settlement, and to that end he was furnished a detailed list of the securities by the defendant's book-keeper, who wrote at the bottom of the list, the words: "Pledged to J. B. Camors & Co.," etc.

We are satisfied with the explanation of that error given by the defendants and by their book-keeper. The words in question were written without the knowledge, consent or authority of the defendants, by the book-keeper, in ignorance of the real nature of the transactions, and under the mistaken idea that his employers' claim would thus be fortified. Such an acknowledgement by a mere employe could not have the effect of changing the nature of the defendants' tenure in the premises. We can but repeat our clear conviction that their possession was that of owners, for valuable consideration, subject only to a well defined and restricted right of redemption in favor of plaintiff, their transferee.

The fact, shown by the record, that on receiving the securities, defendants proceeded at once to enter satisfaction of their judgment, which the debtor accepted, is a very important and significant circumstance.

Had they understood their position under the contract to be that of pledgees, and therefore as creditors, they would certainly not have destroyed one of the principal items of their claim, but would on the contrary have taken every precaution to maintain their judgment in full force and vitality. Having disposed of their own and lawful property, defendants owe no account to plaintiff or any one else.

Judgment affirmed.